UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-154-JBC

HITACHI SUMITOMO HEAVY INDUSTRIES
CONSTRUCTION CRANE CO., LTD.,                                                        PLAINTIFF,

V.                          MEMORANDUM OPINION

MIDWEST SPECIALIZED
TRANSPORTATION, INC., ET AL.,                                                        DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion (R. 20) to request a telephonic conference. The court granted that motion (R. 22) and held a telephonic status conference on July 31, 2009, to determine (1) whether this action must be stayed because of the bankruptcy proceedings involving defendants Dallas & Mavis Specialized Carrier Co., LLC and Greatwide Logistics Services, Inc.; (2) whether the plaintiff's notice of its claim to the defendants was sufficient under the Carmack Amendment, 49 U.S.C. § 14706, and related regulations; and (3) whether the court should allow expedited and bifurcated discovery and motion practice on the issue of limitation of liability.

This memorandum opinion will address only the issue of the sufficiency of the plaintiff's notice. During the telephonic status conference, counsel for Dallas & Mavis and Greatwide conceded that the "automatic stay" provision of the Bankruptcy Code does not apply to the instant action since the events that gave

rise to this action occurred after they filed for bankruptcy. Therefore, the defendants' pending bankruptcy does not prevent this action from proceeding. The court also declined to consider the request of Dallas & Mavis and Greatwide to transfer the instant action, as it relates to them, to the United States Bankruptcy Court for the District of Delaware because that issue was not raised in their answer or the plaintiff's motion. Lastly, the court need not discuss its order permitting the parties' proposed expedited and bifurcated discovery and motion practice because that order speaks for itself.

The plaintiff's notice to the defendants of its claims under the Carmack Amendment, 49 U.S.C. § 14706, satisfies the requirements of the applicable regulation, 49 C.F.R. § 1005.2. This regulation provides that "[a] claim . . . for loss, damage, injury, or delay to cargo, shall not be voluntarily paid by a carrier unless filed . . . within the specified time limits applicable thereto." 49 C.F.R. § 1005.2(a). The claim may be a written or electronic communication and must "(1) contain[ ] facts sufficient to identify the baggage or shipment (or shipments) of property, (2) assert[ ] liability for alleged loss, damage, injury, or delay, and (3) mak[e] claim for the payment of a specified or determinable amount of money. . . ." 49 C.F.R. § 1005.2(b).

In the answer of Dallas & Mavis and Greatwide, they assert that a claim is not valid unless it is "filed in writing with the carrier within nine (9) months after delivery of the shipment or, in the case of failure to make delivery, then within nine

(9) months after a reasonable time for delivery elapsed." R. 8, at 8.  On March 3, 2009, approximately four (4) months after the accident, the plaintiff's counsel sent a letter to Great West Casualty Company, Midwest Specialized Transportation Company, and York Insurance in an attempt to settle the dispute.  The letter identified the shipment of property as "a main unit, boom base and top boom of the Model 548 Crawler Crane" and included a picture of the crane.  In addition, the letter stated that "due to the negligence of the driver, Lee K. Richard, the Crane was involved in an accident."  This statement, along with the language demanding settlement, asserts liability against the defendants for the alleged damage.  Lastly, the plaintiff offered to settle any claims for $2,705,896.00, which is a specified or determinable amount of money (the demand also explained the plaintiff's method of calculating this damage).

The purpose of requiring a plaintiff to provide written notice to the carrier of a potential claim "is not to permit the carrier to escape liability but to insure that the carrier has enough information to begin processing the claim." *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 713 (6th Cir. 1999).  Furthermore, the notice requirement will be met as long as the plaintiff substantially complied with 49 U.S.C. § 1005.2. *Id.*  Because the plaintiff's March 3, 2009, letter to the defendants provides them with enough information to "make a prompt and thorough investigation of the claim," *Trepel*, 194 F.3d at 713 (quoting *Ins. Co. of North America v. G.I. Trucking Co.*, 1 F.3d 903, 906 (9th Cir. 1993)), it

3

substantially complies with the regulation and satisfies the notice requirement. The March 9, 2009, letter from the former counsel of Dallas & Mavis and Greatwide supports the conclusion that the plaintiff's notice enabled the defendants to investigate the claim because, in that letter, the defendants offered to settle the claim for $100,000.00 and denied it in all other respects. R. 20-5, at 3. The letter also expressly stated that Dallas & Mavis and Greatwide investigated the claim. *Id.* at 1.[1] Thus, the contents of the plaintiff's notice to the defendants and the fact that the defendants were able to investigate the claim support the finding that the notice satisfies the requirements of the Carmack Amendment, 49 U.S.C. § 14706, and related regulations.

The court's determination of the sufficiency of the plaintiff's notice is not an advisory opinion, contrary to the defendants' argument. Because an actual controversy exists in regards to the sufficiency of the notice, the court may issue a ruling. Unlike advisory opinions, which involve hypothetical scenarios, this opinion rests upon the facts concerning the instant dispute, which are concrete and definite. The simple fact that the plaintiff's time to submit a notice of its claim has yet to expire does not mean that this issue is hypothetical. The plaintiff submitted a notice of its claim to the defendants and then commenced this action.

---

[1] In the March 9, 2009, letter, counsel stated, "I represent Lexington Insurance Company and its insureds, Greatwide Logistics and Dallas & Mavis Specialized Carrier Co., LLC (collectively referred to herein as "Dallas & Mavis") . . . My client's investigation of the claim shows that Dallas & Mavis received the shipment . . . ." R. 20-5, at 1.

Subsequently, the defendants filed their answers and raised the insufficiency of the notice as an affirmative defense.

Although neither this case nor the plaintiff's request for a ruling on the sufficiency of its notice constitutes a declaratory-judgment action, this dispute satisfies all of the requirements for such an action. Before issuing a declaratory judgment, the court must determine whether "the facts alleged, under the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Kardules v. City of Columbus, Ohio*, 95 F.3d 1335, 1343-44 (6th Cir. 1996) (citation omitted). All of these criteria are met in this case. First, the controversy involving the notice is substantial because an insufficient notice could shield the defendants from liability. Second, the parties obviously have diverse interests since the plaintiffs are seeking to recover over two million dollars from the defendants. Lastly, the matter is of sufficient immediacy and reality to warrant the court's determination of the sufficiency of the notice. If the court waited until after August 10, 2009, to issue a ruling and found that the notice did not meet the regulatory requirements, then the plaintiff would lose its ability to seek recovery for its alleged losses. The court, therefore, has the authority to rule on the sufficiency of the plaintiff's notice, and such a ruling is not an advisory opinion.

*Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000), *P.R. Diamonds,*

*Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004), and *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008) do not support the assertion of Dallas & Mavis and Greatwide that the court's ruling on this matter is an advisory opinion. *Begala* states that "[p]laintiffs [are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Id.* Taken out of context, the quote seems to support the defendants' contention. However, the entire opinion and the facts of that case reveal that *Begala* does not preclude this court from determining whether the plaintiff's notice satisfied regulatory requirements.

*Begala* involves plaintiffs, who had not properly moved for leave to amend earlier in the litigation, that attempted to amend the complaint following an adverse ruling on a motion to dismiss. The primary issue in the case was whether the plaintiffs should be given a chance to amend their complaint even though they had not moved for leave to amend or provided the proposed amendments to the court. The court emphasized that "the granting of a defendant's motion to dismiss does not ordinarily afford the unsuccessful plaintiffs any 'opportunity to further clarify their allegations' with proof and evidence." *Id.* This court's determination of the sufficiency of the plaintiff's notice under the applicable regulations does not concern pleadings or hypothetical amendments to a complaint. Instead, it involves a notice of claims that was sent to the defendants on March 3, 2009. The court simply is determining whether the notice complied with the regulation.

Lastly, *United States v. Musick*, 291 Fed. App'x 706, 727 (6th Cir. 2008) is inapplicable to this action. In that case, the Sixth Circuit noted that "because appellant has not pointed to any injury from this ruling nor to any specific evidence actually admitted at trial, his objection seems to call for an advisory opinion about the meaning of Rule 16." *Id.* Unlike *Musick*, the instant plaintiff does not seek a mere interpretation of a law. Hitachi identifies specific facts, namely the notice provided to the defendants, and requests that the court render a legal conclusion regarding the sufficiency of that notice. The court's ruling, therefore, is not advisory in nature.

Signed on  August 7, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY